Case 5:19-cr-00150-PSG   Document 41   Filed 04/21/21   Page 1 of 12   Page ID #:205

FILED
CLERK, U.S. DISTRICT COURT

4/21/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____LM_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CHARLEAN NICOLE SIMMONS,<br>　aka "Ethlin Joy Ann<br>　　Simmons" and<br>　　"Little Mamma,"<br><br>　　　　Defendant. | ED CR No. 19-0150(A)-PSG<br><br>F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(A)(viii), (b)(1)(B)(viii):<br>Possession with Intent to<br>Distribute, and Distribution of,<br>Methamphetamine; 18 U.S.C.<br>§ 922(g)(1): Felon in Possession<br>of a Firearm and Ammunition; 21<br>U.S.C. § 853, 18 U.S.C. § 924, and<br>28 U.S.C. § 2461(c): Criminal<br>Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

　　On or about May 10, 2018, in Riverside County, within the Central District of California, defendant CHARLEAN NICOLE SIMMONS, also known as "Ethlin Joy Ann Simmons" and "Little Mamma," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 113.1 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about March 26, 2019, in Riverside County, within the Central District of California, defendant CHARLEAN NICOLE SIMMONS, also known as "Ethlin Joy Ann Simmons" and "Little Mamma," knowingly and intentionally distributed at least five grams, that is, approximately 6.14 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about March 26, 2019, in Riverside County, within the Central District of California, defendant CHARLEAN NICOLE SIMMONS, also known as "Ethlin Joy Ann Simmons" and "Little Mamma," knowingly possessed a firearm, namely a Hi-Point model C9, 9 mm Luger semi-automatic pistol, bearing serial number P1697807, and ammunition, namely, 38 rounds of Winchester 9 mm Luger ammunition and 20 rounds of Tula 9 mm Luger ammunition, in and affecting interstate commerce.

Defendant SIMMONS possessed such firearm and ammunition knowing that she had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350, in the Superior Court of the State of California, County of Riverside, case number RIF088430, on or about October 25, 1999;

2. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Riverside, case number RIF109212, on or about April 14, 2003;

3. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350, in the Superior Court of the State of California, County of Riverside, case number RIF119306, on or about October 15, 2004;

4. Identification Theft to Make Other Person Liable, in violation of California Penal Code Section 529(3), in the Superior

Court of the State of California, County of Riverside, case number RIF128121, on or about April 3, 2006;

5. Theft, in violation of California Penal Code Section 484, in the Superior Court of the State of California, County of Riverside, case number RIF145714, on or about December 23, 2008;

6. Destruction of Jail Property, in violation of California Penal Code Section 4600(a), in the Superior Court of the State of California, County of Riverside, case number BAF006288, on or about January 23, 2009;

7. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Riverside, case number RIF153357, on or about December 18, 2009;

8. Possession of a Controlled Substance With Priors, in violation of California Health and Safety Code Section 11377(a), in the Superior Court of the State of California, County of Riverside, case number RIF1103209, on or about November 14, 2011; and

9. Import/Sale/Distribution of Controlled Substances Into the State, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of the State of California, County of Riverside, case number RIF1102941, on or about November 14, 2011.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about March 26, 2019, in Riverside County, within the Central District of California, defendant CHARLEAN NICOLE SIMMONS, also known as "Ethlin Joy Ann Simmons" and "Little Mamma," knowingly and intentionally distributed at least 50 grams, that is, approximately 450.42 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about May 9, 2019, in Riverside County, within the Central District of California, defendant CHARLEAN NICOLE SIMMONS, also known as "Ethlin Joy Ann Simmons" and "Little Mamma," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 132.87 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[18 U.S.C. § 922(g)(1)]

On or about May 9, 2019, in Riverside County, within the Central District of California, defendant CHARLEAN NICOLE SIMMONS, also known as "Ethlin Joy Ann Simmons" and "Little Mamma," knowingly possessed ammunition, namely, one round of Winchester 9 mm Luger ammunition, in and affecting interstate commerce.

Defendant SIMMONS possessed such ammunition knowing that she had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350, in the Superior Court of the State of California, County of Riverside, case number RIF088430, on or about October 25, 1999;

2. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Riverside, case number RIF109212, on or about April 14, 2003;

3. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350, in the Superior Court of the State of California, County of Riverside, case number RIF119306, on or about October 15, 2004;

4. Identification Theft to Make Other Person Liable, in violation of California Penal Code Section 529(3), in the Superior Court of the State of California, County of Riverside, case number RIF128121, on or about April 3, 2006;

     5.   Theft, in violation of California Penal Code Section 484, in the Superior Court of the State of California, County of Riverside, case number RIF145714, on or about December 23, 2008;

     6.   Destruction of Jail Property, in violation of California Penal Code Section 4600(a), in the Superior Court of the State of California, County of Riverside, case number BAF006288, on or about January 23, 2009;

     7.   Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Riverside, case number RIF153357, on or about December 18, 2009;

     8.   Possession of a Controlled Substance With Priors, in violation of California Health and Safety Code Section 11377(a), in the Superior Court of the State of California, County of Riverside, case number RIF1103209, on or about November 14, 2011; and

     9.   Import/Sale/Distribution of Controlled Substances Into the State, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of the State of California, County of Riverside, case number RIF1102941, on or about November 14, 2011.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One, Two, Four, or Five of this First Superseding Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

    (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

    (c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    (d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in

the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts Three or Six of this First Superseding Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense including but not limited to the following:

(i) One Hi-Point model C9, 9 mm Luger semi-automatic pistol, bearing serial number P1697807; and

(ii) 39 rounds of Winchester 9 mm Luger ammunition; and

(iii) 20 rounds of Tula 9 mm Luger ammunition; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been

11

transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                       A TRUE BILL

                                       /s/
                                       _____
                                       Foreperson

TRACY L. WILKISON
Acting United States Attorney

*Scott M. Garringer*
Deputy Chief, Criminal Division For:

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

ELI A. ALCARAZ
Assistant United States Attorney
Riverside Branch Office